ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

**JS-6**

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CV 11-1608 VAP(SPx) |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| REAL PROPERTY LOCATED IN ONTARIO, CA, (CANILLAS), | |
| Defendant. | |
| MARIANO CANILLAS, LINDA GAUKLER, JOHN GAUKLER, DONNA SMITH AND JODIE SMITH, | |
| Claimants. | |

1       This action was filed on October 6, 2011.  Notice was given
2 and published in accordance with law.  Claimant and titleholder
3 Mariano Canillas ("Canillas") filed a claim on December 13,
4 2011.  Claimants and lien holders Linda Gaukler and John Gaukler
5 ("the Gauklers"), and Donna Smith and Jodie Smith ("the Smiths")
6 filed claims on December 13, 2011.  No other claims or answers
7 have been filed, and the time for filing claims and answers has
8 expired.  Plaintiff United States of America ("the government"),
9 Canillas, the Gauklers and the Smiths have reached an agreement
10 that, without further litigation and without an admission of any
11 wrongdoing, is dispositive of the government's claims against
12 this property, and hereby request that the Court enter this
13 Consent Judgment of Forfeiture.
14       **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**
15       1.  As used throughout, the following terms shall have the
16 following meaning:  (a) "defendant property" shall mean the
17 defendant real property located at 5514 Mission Blvd., in
18 Ontario, California; (b) "claimants' property" shall mean any
19 real property that Canillas, the Gauklers and the Smiths own,
20 maintain, control or manage, including, but not limited to, the
21 defendant property; and (c) "illegal purpose" shall mean any
22 purpose that furthers or facilitates the distribution or sale of
23 marijuana in violation of federal law, including, but not
24 limited to, renting space to a person or entity that sells or
25 distributes marijuana or the renting of space to or permitting
26 the continued tenancy of any person or entity that sells,
27 distributes or facilitates the sale or distribution of
28 marijuana.

  2. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

  3. On or about October 6, 2011, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

  4. Canillas, the Gauklers and the Smiths filed claims to the defendant property.  No other claimant has appeared in this action.

  5. Notice of this action has been given in accordance with law.  No appearances having been made in this action by any person other than Canillas, the Gauklers and the Smiths, the Court deems that all other potential claimants admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

  6. Canillas shall retain possession of and title to the defendant property, and in consideration thereof, Canillas, the Gauklers and the Smiths agree to abide by the terms of this Agreement.  Canillas shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below.  If Canillas, the Gauklers or the Smiths fail to comply with any of the terms of paragraph 7, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

  7. Neither Canillas, the Gauklers nor the Smiths shall use or occupy the defendant property, nor shall they allow the defendant property to be used or occupied, for any illegal purpose.  Each of Canillas, the Gauklers and the Smiths shall

take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto.  None of Canillas, the Gauklers or the Smiths shall knowingly rent, lease or otherwise allow the use or occupancy of any of claimants' property to (a) any former tenant who used or occupied any of claimants' property for any illegal purpose; or (b) any person Canillas, the Gauklers or the Smiths have reason to believe may use or occupy the claimants' property for any illegal purpose.  Neither Canillas, the Gauklers nor the Smiths shall knowingly allow any of the claimants' property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimants' property.[1]

8.  In the event that any of Canillas, the Gauklers or the Smiths fail to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of each non-complying claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States.  In the event of forfeiture, the San Bernardino County Recorder shall index this Judgment in the grantor index under the name of Canillas and in the grantee index in the name of the United States of America. If the government believes that Canillas, the Gauklers or the Smiths have failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to Canillas, the Gauklers and the Smiths (as well as their respective undersigned

---

[1] The government and claimants are currently informed and believe that there is no location of any claimants' property currently listed in any such publications.

counsel), describing the provision believed to have been violated.  Canillas, the Gauklers and/or the Smiths shall have fifteen (15) days from its receipt of such notice to cure the violation.  If the violation is not cured within the 15-day period, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of Canillas, the Gauklers or the Smiths to timely cure the violation.  Canillas, the Gauklers and/or the Smiths shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture.  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited

to the government, Canillas, the Gauklers and the Smiths agree that the United States Marshals Service may proceed to sell the defendant property. Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9. Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by Canillas, the Gauklers and the Smiths at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Canillas, the Gauklers or the Smiths may request a hearing.

10. Canillas, the Gauklers and the Smiths have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by them or on their behalf.

11. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall

1  be construed as a certificate of reasonable cause pursuant to 28
2  U.S.C. § 2465.
3       12.  The parties shall each bear their own costs and
4  attorneys' fees in this action.
5       13.  The Court shall retain jurisdiction over this matter
6  to enforce the provisions of this Consent Judgment.

Dated: March 15, 2012            /s/ Virginia A. Phillips
                          THE HONORABLE VIRGINIA A. PHILLIPS
                          UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: March 14, 2012     ANDRÉ BIROTTE JR.
                          United States Attorney
                          ROBERT E. DUGDALE
                          Assistant United States Attorney
                          Chief, Criminal Division

                             /s/ P. Greg Parham
                          STEVEN R. WELK
                          Assistant United States Attorney
                          Chief, Asset Forfeiture Section
                          P. GREG PARHAM
                          Assistant United States Attorney

                          Attorneys for Plaintiff
                          United States of America

DATED: March 14, 2012        /s/ Jacek W. Lentz
                          JACEK W. LENTZ
                          Attorney for Claimants
                          Mariano Canillas, Linda Gaukler, John
                          Gaukler, Donna Smith and Jodie Smith

DATED: March 14, 2012        /s/ Mariano Canillas
                          MARIANO CANILLAS
                          Claimant and Titleholder

DATED: March 9, 2012         /s/ Linda Gaukler
                          LINDA GAUKLER
                          Claimant and Lienholder

```
 1
    DATED: March 9, 2012          /s/ John Gaukler
 2                                JOHN GAUKLER
                                  Claimant and Lienholder
 3
    DATED: March 10, 2012         /s/ Donna Smith
 4                                DONNA SMITH
                                  Claimant and Lienholder
 5

 6  DATED: March 10, 2012         /s/ Jodie Smith
                                  JODIE SMITH
 7                                Claimant and Lienholder

 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```